UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| NORMAN KOLSTAD and SUSAN KOLSTAD,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF AMADOR, MARTHA SHERWIN, and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | CIV. NO. 2:13-1279 WBS EFB<br><br>ORDER |

----oo0oo----

　　　　Pursuant to this court's Order of February 12, 2014 (Docket No. 28), judgment of dismissal was entered in favor of defendants County of Amador (the "County") and Martha Shaver (erroneously named as Martha Sherwin) (Docket No. 29), and this case was closed. Plaintiffs now move to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e),[1]

---

[1] Although plaintiffs filed their motion pursuant to Federal Rule of Civil Procedure 60(b)(2) and (6), courts treat a

1

(Docket No. 30), contending that a Notice of Violation, which the County allegedly recorded on their title on February 18, 2014, is new evidence that their claims are ripe. (Watts Decl. Ex. A (Docket No. 32).)

In its Order of dismissal, the court specifically instructed plaintiffs that, "[i]f and when [their] claims finally ripen, they are free to bring a new action in either state or federal court." (Order at 9:24-27.) Plaintiffs' recourse is thus not reconsideration of the court's Order, but rather to file a new action. See Fantasyland Video, Inc. v. County of San Diego, 505 F.3d 996, 1005 (9th Cir. 2007) (noting that newly discovered or previously unavailable evidence must have been in existence at the time of the judgment in order to warrant reconsideration).

IT IS THEREFORE ORDERED that plaintiffs' motion to alter or amend the judgment be, and the same hereby is, DENIED.

Dated: April 3, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

motion for reconsideration as brought under Rule 59(e) if filed within Rule 59(e)'s 28-day time requirement. Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp., 248 F.3d 892, 899 (9th Cir. 2001).

2